58 CCPA

**Application of Edward SWIDZINSKI.**
**Patent Appeal No. 8411.**

United States Court of Customs
and Patent Appeals.

Jan. 7, 1971.

———◆———

Richard M. Howell, Cleveland, Ohio, Munson H. Lane, Washington, D. C., attorneys of record, for appellant. McCoy, Greene & Howell, Cleveland, Ohio, of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Jere W. Sears, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and NEWMAN, Judge, United States Customs Court, sitting by designation.

NEWMAN, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 4–8 and 12–15[1] under 35 U.S.C. § 103 as obvious in view of certain prior art.

The invention relates to a three-component food product, perhaps best described as a "stuffed" hot dog coated with a batter crust. The stuffing comprises such comestibles as cheese, sauerkraut, peanut butter, or other solid or semi-solid food material. According to the specification, a layer of ground meat —hamburger or sausage meat, for example—completely surrounds the stuffing in a manner to contain and prevent exudation of portions of the inner stuffing that may be liquid. After the outer surface of the ground meat layer is covered with a batter coating, the product is deep fat fried. Claim 4 is illustrative:

4. A food product comprising:

a first food component having a substantially cylindrical shape,

a second food component consisting essentially of comminuted meat surrounding said first component in a layer of substantially uniform thickness, and

a substantially uniform coating derived from a batter and having a thickness of an order of magnitude of one eighth inch surrounding said second food component,

said food product being substantially in the shape of a hot dog and having dimensions of an order of magnitude no greater than about the dimensions of a hot dog.

The references are:

| | | | |
|---|---|---|---|
| Matson | 1,492,603 | May 6, | 1924 |
| Sawkins | 1,591,945 | July 6, | 1926 |
| Jenkins | 1,706,491 | Mar. 26, | 1929 |
| Johnson | 2,822,571 | Feb. 11, | 1958 |
| Australian patent | 127,632 | April 30, | 1948 |
| British | | | |
| specification | 786,217 | Nov. 13, | 1957 |

British discloses a three-component food product suitable for deep fat frying comprising a wiener or sausage entirely surrounded by a batter coating, which in turn is coated with an outer layer of precooked potatoes. Johnson discloses a hollow frankfurter with an axial opening end-to-end into which various foods, such as cheese or relish, may be

---

1. Appearing in application serial No. 374,076, filed June 10, 1964 for "Food Product and Process."

stuffed. The resultant product is placed in the conventional hot dog bun. Matson, Sawkins, Jenkins and Australian all disclose deep fat frying or baking batter-coated frankfurters or sausages.

The examiner rejected all claims under 35 U.S.C. § 103 in view of the above references on several grounds. For one, he regarded appellant's three-component food product to distinguish from that of British principally in the particular order or arrangement of the product components, with the placement of one of the food components *inside*, rather than *outside*, the meat component to be no more than a matter of obvious choice. For another, he rejected the claims as unpatentable over Jenkins or Australian in view of Johnson or, alternatively, as unpatentable over Johnson in view of each of Matson, Sawkins, Jenkins or Australian. The crux of the examiner's position there seems to have been that it would be obvious to one of ordinary skill in the art to *completely* surround, even at the ends, the inner stuffing component of Johnson with the comminuted meat component, and subsequently coat the resulting product with a batter prior to deep fat frying, all as suggested by the remaining references.

The board, while preferring the rejection employing the Johnson, Jenkins and Australian references, agreed with the examiner's other stated grounds of rejection, and affirmed.

Appellant's principal argument here is that there is no factual basis to support an allegation that Johnson suggests *surrounding* a stuffing component with comminuted meat. It cannot be gainsaid, of course, that Johnson does not explicitly disclose *entirely* surrounding his stuffing component with comminuted meat, but contents himself with enclosing merely the sides of the cylindrical tube of stuffing, leaving the ends open. The examiner recognized as much, and turned to the Matson, Sawkins, Jenkins or Australian references for evidence that those of ordinary skill in the art would as a matter of course completely surround one food component with another as convenience, necessity, or choice in cooking or eating dictates.[2] We find no reversible error in that determination.

The view we take renders it unnecessary to consider the other grounds of rejection advanced below. The decision is affirmed.

*Affirmed.*

**2.** Such a matter of common knowledge is also well illustrated in the following recipe taken from Woman's Day Collector's Cook Book, Fawcett Publications, Inc., Greenwich, Connecticut, Copyright 1960, second Printing June 1963, page 50:

### Chicken Kiev

Thin chicken cutlets are wrapped around cubes of butter, then fried.

| | | | |
|---|---|---|---|
| 1½ sticks butter | : | 2 tablespoons cold water | |
| 6 chicken breasts | : | Vegetable shortening | |
| Fine dry bread crumbs | : | | |
| 3 eggs | : | | |

Cut butter in half, lengthwise, then in twelve 2″ pieces. Chill until very firm. Cut chicken breasts in half; remove bones. On wet board, pound chicken into thin cutlets. Put a piece of butter in center of each. Roll chicken around butter; fold securely so butter cannot escape during cooking. Secure with toothpicks. Roll in bread crumbs; dip in eggs beaten with cold water; roll again in crumbs. Fry in hot deep shortening (375° on a frying thermometer) 3 to 5 minutes. Drain, and put on cookie sheet in hot oven, 425° F., 5 minutes. Makes 6 servings.